IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISABEL BALDERAS, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:16-CV-2652-D |
| VS. | § |
| | § |
| LUPE VALDEZ, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

Defendants in this removed case move for leave to amend their answer and separately move to stay the parties' deadlines for responding to the currently pending motions for summary judgment. For the reasons that follow, the court grants the motion for leave to amend and denies without prejudice as moot defendants' motion to stay.

I

Plaintiff Isabel Balderas ("Balderas") filed this lawsuit in state court on August 10, 2016, alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against Dallas County and Dallas County Sheriff Lupe Valdez. Defendants, who were represented at that time by Tammy J. Ardolf, Esquire ("Ardolf"), filed their state court original answer on September 8, 2016, and, on September 15, 2016, removed the case to federal court. On October 5, 2016 the parties filed, and this court granted, an agreed motion to substitute the late Dolena T. Westergard, Esquire ("Westergard") as defendants' counsel.

On October 24, 2016 the court entered a scheduling order ("Scheduling Order"), setting February 1, 2017 as the deadline for amending pleadings and setting May 31, 2017 as the discovery deadline. Westergard died on July 26, 2017. On August 14, 2017 defendants filed an agreed motion to substitute Ardolf (defendants' original counsel) as their lead counsel. The court granted the motion on August 15, 2017. On September 13, 2017 the court also granted the parties' joint motion to extend pretrial deadlines, and extended the discovery deadline until January 31, 2018.

On January 22, 2018—nine days before the discovery deadline—defendants filed a motion for leave to file their first amended answer. They contend that, while drafting defendants' motion for summary judgment, Ardolf became aware that Westergard had never amended the original answer. Defendants move for leave to amend on the ground that they wish to remove several non-relevant defenses and add the affirmative defense of undue hardship. Balderas opposes the motion.

On January 29, 2018 defendants filed a motion for summary judgment, and on January 31, 2018 Balderas filed a motion for summary judgment. On February 13, 2018 defendants filed an opposed motion to stay the parties' deadlines for responding to the motions for summary judgment until the court decides defendants' motion for leave to file a first amended answer.

II

A

When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See, e.g., S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 814 (N.D. Tex. 2009) (Fitzwater, C.J.). To meet this standard, the moving parties must show that, despite their diligence, they could not reasonably have met the scheduling order deadline. *See S & W Enters.*, 315 F.3d at 535. If the movants satisfy the requirements of Rule 16(b)(4), the court must then determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)92); *see S & W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps., Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct.

13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

Defendants do not address the Rule 16(b)(4) good cause standard in their motion for leave to file their first amended answer, although they do discuss the four factors in their reply brief. "When a party files an untimely motion for leave to amend and does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *Serv. Temps*, 2009 WL 3294863, at *1). But the court has made exceptions in cases where the movant does not address the Rule 16(b)(4) good cause standard, but the grounds on which it relies to establish good cause are relatively clear. *See, e.g., Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (Fitzwater, C.J.) ("Nieves neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which she relies enable the court to apply the pertinent four-factor test."). Accordingly, because the grounds on which defendants rely enable the court to apply the pertinent four-factor test, the court will consider on the present briefing whether defendants have met the good cause standard of Rule 16(b)(4) to amend the scheduling order.

C

1

The court first considers defendants' explanation for failing to timely file a motion for leave to amend their answer. In their motion, defendants contend that, when drafting their

- 4 -

summary judgment motion, Ardolf learned that Westergard had never amended the original answer filed in the state district court. Defendants maintain that they are seeking leave to amend "[i]n an abundance of caution," Ds. Br. 1, to, *inter alia*, add the affirmative defense of undue hardship. In response, Balderas characterizes defendants' delay in seeking leave to amend their answer as "inadvertence," arguing that "if Defendants were diligent in [their] efforts over the past twelve months, [they] would have noticed [their] failure to file an amended responsive pleading and [their] failure to raise this new affirmative defense." Ps. Br. 3. In their reply, defendants provide a more thorough explanation for their delay:

> After Ms. Westergard's death in July 2017, undersigned counsel was transferred from the Civil Division to the Federal Litigation Section and assumed Ms. Westergard's entire docket with the exception of two cases . . . . This required undersigned counsel to familiarize herself with the procedural status, facts, and legal issues of each case, respond to any short deadlines, supplement any necessary discovery, engage in settlement negotiations where appropriate, and respond to pressing matters that needed immediate attention. . . . Undersigned counsel has attempted to fill Ms. Westergard's shoes as efficiently, quickly, and proficiently as possible throughout these difficult circumstances. Defendants should not be punished merely because undersigned counsel has fallen short, despite her best efforts. As stated in Defendants' motion for leave to amend, undersigned counsel became aware of the omission of the affirmative defense of undue hardship in January 2018, having substituted in as counsel in August 2017. It was only while researching and drafting the Defendants' motion for summary judgment that undersigned counsel realized that "undue hardship[,"] although intrinsically related to the "reasonableness" of any religious accommodation, is, in actuality, an affirmative defense to be pleaded. The instant case is undersigned counsel's first exposure to a religious accommodation case. Undersigned counsel immediately filed the instant motion for leave to amend after conferring with opposing counsel.

Reply 4-5 (emphasis omitted).

In *S&W Enterprises*, on which Balderas relies, the Fifth Circuit affirmed the denial of leave to amend where the moving party "offered no adequate explanation for its failure to comply with the scheduling order," "fail[ed] to explain why it did not [assert a claim it could have asserted from the beginning]," and its "explanation for its delayed analysis of [a recent opinion from the Supreme Court of Texas]—inadvertence—is tantamount to no explanation at all." *S&W Enterprises*, 315 F.3d at 536. Here, in contrast, defendants have offered a reasonable explanation for their delay. Although Ardolf filed the original answer in this case, Westergard took over as counsel from October 5, 2016 until she died unexpectedly in July 2017. It was not until August 15, 2017—more than six months after the deadline for filing motions for leave to amend the pleadings had elapsed—that Ardolf resumed her involvement as counsel in this case. Although under typical circumstances the substitution of counsel does not, without more, provide a reasonable explanation for delay in moving for leave to amend, under the extenuating circumstances here, including the unexpected death of defense counsel, Ardolf's assumption of an entirely new docket of cases, and Ardolf's understandable unfamiliarity with this case and her lack of familiarity with the law regarding religious accommodation, the court concludes that defendants' explanation for failing to timely move for leave to amend is sufficient.

2

The second factor considers the importance of the amendment. Defendants contend that the amendment is important because the court's analysis of whether a proposed religious

accommodation is "reasonable"—an issue defendants have argued in their motion for summary judgment—intrinsically involves the issue of undue hardship, and allowing leave to amend conforms the pleadings to the evidence and aids in resolving the legal issues before the court.[1]  Because assuming that the amendment is important does not affect the court's assessment of the four factors holistically, the court will assume *arguendo* that the amendment is important.

3

The court next considers the third factor: the potential prejudice in allowing the amendment.

Balderas contends that she will be prejudiced if the court allows the amendment because she will not be afforded the opportunity to conduct any meaningful discovery on the defense of undue burden, "which would almost certainly require Plaintiff to serve additional discovery requests and to re-depose individuals in this matter to determine the basis and validity of the affirmative defense." Ps. Br. 3.  Defendants argue in their reply that granting leave to add the defense of undue hardship would not result in unfair surprise to Balderas because the file in this case includes the Dallas County Sheriff's Department position statement, which explicitly asserts the defense of "undue hardship"; that Balderas will not be prejudiced because she has already conducted discovery on the issue of undue hardship; that Balderas deposed several of defendants' employees *after* being notified that defendants

---

[1] Balderas does not contend that the amendment is unimportant.

were seeking to amend their answer to include the defense of undue hardship, and, accordingly, had the opportunity to depose these witnesses on this defense; that Balderas does not explain exactly what additional questions would be posed while re-deposing the same witnesses or what additional paper discovery would be necessary; and that, in any event

> if Plaintiff were able to articulate what particular discovery was needed, Defendants would not oppose re-opening discovery. Defendants are also amenable to staying the deadlines for responding to the cross-motions for summary judgment until after the Court has ruled on Defendants' motion for leave to amend and additional discovery, if any is ordered, is conducted.

Reply 8.

The court concludes that this factor weighs in favor of amending the scheduling order. The only prejudice Balderas identifies in her response is the necessity of conducting additional discovery and the delay that will result. Because defendants are amenable to re-opening discovery and staying the summary judgment response deadline to permit Balderas to obtain the additional discovery she requires as a result of the newly-added undue hardship defense, the court concludes that Balderas will not be prejudiced if the court permits the amendment.

4

The fourth factor considers the availability of a continuance to cure any prejudice. Because this case has not yet been set for trial, the court concludes this factor does not weigh for or against granting defendants' motion.

Finally, the court considers the four factors holistically. "It does not mechanically count the number of factors that favor each side." *Serv. Temps, Inc*., 2009 WL 3294863, at *3. Assessing the factors as a whole, the court holds that defendants have met the good cause standard for modifying the Scheduling Order. Defendants have provided a sufficient explanation for their failure to timely plead the undue prejudice affirmative defense, and, given their willingness to agree to a stay of the summary judgment response deadline and to permit Balderas to conduct additional discovery on the newly-pleaded affirmative defense, the court concludes that Balderas has not shown how she will be prejudiced if the court permits the amendment.

D

The court next evaluates under the Rule 15(a) standard whether leave to amend should be granted. *S & W Enters*., 315 F.3d at 536. "The court should freely give leave when justice so requires." Rule 15(a)(2). The court can discern no compelling reason under this lenient standard to deny defendants leave to amend. The court therefore grants defendants' motion.

III

In light of the court's decision granting defendants' motion for leave to file their first amended answer, the court denies without prejudice as moot defendants' motion to stay the parties' deadlines for responding to the motions for summary judgment until after this court issues an order granting or denying defendants' motion for leave to file first amended answer.

\* \* \*

For the foregoing reasons, the court grants defendants' motion for leave to file their first amended answer. The court denies without prejudice as moot defendants' motion to stay.

**SO ORDERED**.

February 15, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE